UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| RANDY FISHER, | ) Civil Action No.: 4:11-cv-1726-RBH-TER |
| Plaintiff, | ) |
| -vs- | ) |
| | ) **REPORT AND RECOMMENDATION** |
| CITY OF NORTH MYRTLE BEACH, WILLIAM BAILEY, JOHN SMITHSON and STEVE THOMAS; | ) |
| Defendants. | ) |

## I. INTRODUCTION

This action arises out of the termination of Plaintiff's employment with Defendant City of North Myrtle Beach. Plaintiff alleges causes of action for retaliation in violation of Title VII of the Civil Rights Act of 1964 (Title VII), 42 U.S.C. § 2000(e) et seq., First Amendment retaliation under 42 U.S.C. § 1983, and a state law claim for wrongful termination in violation of public policy. Presently before the Court are Defendants City of North Myrtle Beach, John Smithson and Steve Thomas's Motion for Judgment on the Pleadings (Document # 22) and Defendant William Bailey's Motion to Dismiss (Document # 23). All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(g), DSC. Because these motions are potentially dispositive of at least some of Plaintiff's claims, this Report and Recommendation is entered for review by the district judge.

## II. FACTUAL ALLEGATIONS

Plaintiff is a former police officer with the City of North Myrtle Beach's (the City) Public Safety Department. Complaint ¶¶ 4, 24. At all times relevant to this action, Defendant Bailey was

the Director of Public Safety for the City, Id. at ¶ 41, Defendant Thomas was the Assistant City manager for the City, Id. at ¶ 44, and Defendant Smithson was also an employee of the City, Id. at ¶ 8.[1] Plaintiff alleges that he was forced to resign because he complained of disparate treatment of male and female employees, Id. at ¶¶ 16(c), 46, 48; reported perceived favoritism, Id. at ¶ 49; raised issues regarding "the one percent money[2] distribution," Id. at ¶¶ 46, 47, 55, 56, 65, and was believed to have provided confidential information to a private citizen regarding wildfires which occurred in the City in April 2009. Id. at ¶ 66. Plaintiff alleges that he "was accused of providing information regarding the wildfires. However, the Plaintiff did not provide the information but if the Plaintiff did the communication would have been protected by the First Amendment." Id.

---

[1] The Complaint does not specifically set forth Defendant Smithson's position with the City. However, Defendant Smithson notes in his Motion that the Court can take judicial notice that he is the City Manager because it is common knowledge given the media coverage surrounding the events giving rise to this action.

[2] The Office of State Fire Marshal describes "one percent money" as follows:

> In 1907, the S.C. General Assembly passed the Firemen's Insurance and Inspection Fund Act for "the betterment and maintenance of skilled and efficient fire departments within the county."
> The fund, which is commonly referred to as "one-percent money," is a one-percent tax collected on all fire insurance premiums written in the state. The money is distributed by each county treasurer to qualified fire departments based on the percentage of the total assessed value of the county that constitutes the fire departments response or coverage area.
> By law, fire departments must spend one-percent money in one of three categories: retirement and insurance, training and education, and recruitment and retention.

http://www.scfiremarshal.llronline.com/index.asp?file=forms/1PercentReports.html. The court may take judicial notice of factual information located in postings on government websites. See Philips v. Pitt Cnty. Mem. Hosp., 572 F.3d 176, 180 (4th Cir.2009) (courts "may properly take judicial notice of matters of public record."); see also In re Katrina Canal Breaches Consolidated Litigation, No. 05–4182, 2008 WL 4185869 at *2 (E.D.La. Sept.8, 2008) (noting that courts may take judicial notice of governmental websites including other courts' records).

## III.     STANDARD OF REVIEW

Defendants the City, Smithson and Thomas move for judgment on the pleadings pursuant to Rule 12(c), Fed.R.Civ.P., while Defendant Bailey moves for dismissal pursuant to Rule 12(b)(6), Fed.R.Civ.P. Rule 12(c) of the Federal Rules of Civil Procedure allows a party to move for judgment on the pleadings after the pleadings are closed. Such a motion should be granted when, accepting the facts set forth in the pleadings, the case can be decided as a matter of law. Tollison v. B & J Machinery Co., Inc., 812 F.Supp. 618, 619 (D.S.C.1993). See also S & S Const., Inc. of Anderson v. Reliance Ins. Co., 42 F.Supp.2d 622, 623 (D.S.C.1998).  The standard is almost identical to the standard employed in considering a Rule 12(b)(6) motion "with the key difference being that on a 12(c) motion, the court is to consider the answer as well as the complaint." Cont'l Cleaning Serv. v. United Parcel Serv., Inc., 1999 WL 1939249, *1 (M.D.N.C.1999) (internal quotations omitted); see also Burbach Broad. Co. v. Elkins Radio Corp., 278 F.3d 401, 405-06 (4th Cir.2002). In addition to the complaint, the factual allegations of the answer are taken as true, to the extent "they have not been denied or do not conflict with the complaint." Pledger v. North Carolina Dep't of Health & Human Servs., 7 F.Supp.2d 705, 707 (E.D.N.C.1998); Jadoff v. Gleason, 140 F.R.D. 330, 331 (M.D.N.C.1991) (citing 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1368 (3d ed.2004)). In determining a motion for judgment on the pleadings, the court "may consider documents incorporated by reference in the pleadings." Parks v. Alteon, Inc., 161 F.Supp.2d 645, 649 n. 1 (M.D.N.C.2001); see also Fed. R. Civ. P 10(c) ("A copy of any written instrument which is an exhibit to a pleading is a part thereof for all purposes."); Horsley v. Feldt, 304 F.3d 1125, 1134 (11th Cir.2002) (documents attached to the answer are part of the pleadings for Rule 12(c) purposes where the documents are central to the plaintiff's claims and the authenticity is not challenged).

A Rule 12(b)(6) motion examines whether Plaintiff has stated a claim upon which relief can be granted. The United States Supreme Court has recently made clear that, under Rule 8 of the Federal Rules of Civil Procedure, a plaintiff in any civil action must do more than make mere conclusory statements to state a claim. See Ashcroft v. Iqbal, --- U.S. ----, ----, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009); Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). Rather, the complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face. Iqbal, 129 S.Ct. at 1949; Twombly, 550 U.S. at 570. The reviewing court need only accept as true the complaint's factual allegations, not its legal conclusions. Iqbal, 129 S.Ct. at 1949; Twombly, 550 U.S. at 555.

Expounding on its decision in Twombly, the United States Supreme Court stated in Iqbal:

> [T]he pleading standard Rule 8 announces does not require "detailed factual allegations," but it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation. A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement."
> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

Iqbal, 129 S.Ct. at 1949 (quoting Twombly, 550 U.S. at 555, 556, 557, 570) (citations omitted); see also Bass v. Dupont, 324 F.3d 761, 765 (4th Cir.2003).

## IV. MOTION FOR JUDGMENT ON THE PLEADINGS

Defendants the City, Smithson and Thomas move for judgment on the pleadings as to Plaintiff's state law cause of action for wrongful termination in violation of public policy.[3] Generally

---

[3] Plaintiff concedes in his Response (Document # 33) that his cause of action for wrongful discharge in violation of public policy is against the City only and not the individual Defendants. Response p. 15.

speaking, South Carolina law allows an employer to discharge an employee without incurring liability for good reason, no reason, or bad reason. Culler v. Blue Ridge Elec. Coop., 309 S.C. 243, 245, 422 S.E.2d 91, 92 (1992). However, the South Carolina Supreme Court has recognized a "public policy" exception to this doctrine. Ludwick v. This Minute of Carolina, Inc., 287 S.C. 219, 225, 337 S.E.2d 213, 216 (1985). In Ludwick, the court held that an employee has a tort cause of action for wrongful discharge where there is a retaliatory discharge of the at-will employee in violation of a clear mandate of public policy. Id. The public policy exception clearly applies in cases where the employer either (1) requires the employee to violate the law, or (2) the reason for the employee's termination is itself a violation of criminal law. Lawson v. South Carolina Dep't of Corrections, 340 S.C. 346, 350, 532 S.E.2d 259, 260 (2000).

However, the public policy exception does not extend to situations where the employee has an existing statutory remedy for wrongful termination. See Dockins v. Ingles Markets, Inc., 306 S.C. 496, 413 S.E.2d 18 (1992) (employee allegedly terminated in retaliation for filing complaint under Fair Labor Standards Act had existing statutory remedy for wrongful termination); see also Epps v. Clarendon County, 304 S.C. 424, 405 S.E.2d 386 (1991) (employee had an existing remedy for wrongful termination under Title 42 U.S.C. § 1983). Defendants argue that Plaintiff has an existing remedy for all of the allegations he attempts to raise under his wrongful termination claim.

Plaintiff does not specifically set forth in his Complaint the factual allegations that give rise to a cause of action for wrongful termination in violation of public policy. Under that cause of action, he alleges generally that he acted within a clear mandate of public policy "when he reported illegal actions on the part of individuals employed with the Defendant, City of North Myrtle Beach." Complaint ¶ 103. Thus, his wrongful termination claim is based upon his reports of illegal actions. Elsewhere in his Complaint, he alleges that he reported to the Assistant City Manager issues

regarding "the one percent money distribution," disparate treatment between male and female police officers, and the atmosphere of favoritism.

To the extent Plaintiff bases his wrongful termination in violation of public policy claim on his report of disparate treatment between male and female police officers, he has an existing statutory remedy under Title VII and has indeed brought such a claim. See, e.g., Gleaton v. Monumental Life Ins. Co., 719 F.Supp.2d 623, 633 (D.S.C. 2010).

To the extent his claim is based upon his report regarding the distribution of the "one percent money," Defendants argue that Plaintiff has an existing statutory remedy under South Carolina's Whistleblower Act, S.C. Code Ann. § 8-27-10, et seq. That Act provides protection for employees who report "substantial abuse, misuse, destruction, or loss of substantial public funds or public resources" or "that a public employee has intentionally violated federal or state statutory law or regulations" S.C. Code Ann. § 8-27-10(5). Plaintiff argues that his claim falls outside the Whistleblower Act because the Act requires that an employee report government waste or wrongdoing[4] to an appropriate authority[5] and, he argues, he only "addressed concerns regarding the 1% money not the illegal handling of the 1% money as is required." Response (Document # 33) p. 14. However, this argument is inconsistent with the allegations of the Complaint. In the Complaint, as noted above, Plaintiff alleges that he was terminated in violation of public policy for "report[ing] illegal actions on the part of individuals employed with the Defendant, City of North Myrtle Beach."

---

[4]"'Wrongdoing' means action by a public body which results in substantial abuse, misuse, destruction, or loss of substantial public funds or public resources. 'Wrongdoing' also includes an allegation that a public employee has intentionally violated federal or state statutory law or regulations or other political subdivision ordinances or regulations or a code of ethics, which violation is not merely technical or of a minimum nature." S.C. Code Ann. § 8-27-10(5).

[5]"Appropriate authority" includes "the public body that employs the person making the report." S.C. Code Ann. § 8-27-10(3).

Complaint ¶ 103. Assuming the allegations of Plaintiff's Complaint are true, his claim regarding the one percent money would fall under the Whistleblower Act. If Plaintiff did not report illegal actions regarding the one percent money, then he has failed to identify the public policy violated by the City when it terminated his employment. Either way, his claim fails. Likewise, to the extent Plaintiff alleges that he was terminated in violation of public policy for reporting an atmosphere of favoritism, Plaintiff fails to identify the applicable public policy.

Plaintiff also argues that Defendants' argument is more appropriately raised under Rule 56, after the parties have had the opportunity to conduct discovery. However, to survive a motion under Rule 12, Plaintiff must allege facts sufficient to state a claim that is plausible on its face. The facts as pleaded by Plaintiff fail to state a claim for wrongful termination in violation of public policy that is plausible on its face. Therefore, dismissal of this cause of action is appropriate.

V.  **MOTION TO DISMISS**

Defendant Bailey moves to dismiss Plaintiff's cause of action for wrongful termination in violation of his First Amendment right to freedom of speech under 42 U.S.C. § 1983. "[A] State may not discharge an employee on a basis that infringes that employee's constitutionally protected interest in freedom of speech." Rankin v. McPherson, 483 U.S. 378, 383, 107 S.Ct. 2891, 97 L.Ed.2d 315 (1987). In order to prove that a retaliatory employment action violated a public employee's free speech rights, the employee must satisfy the McVey v. Stacy three prong test: (1) the public employee spoke as a citizen, not as an employee, on a matter of public concern, (2) the employee's interest in the expression at issue outweighed the employer's interest in providing effective and efficient services to the public, and (3) a sufficient causal nexus between the protected speech and the retaliatory employment action. Ridpath v. Bd. of Governors of Marshall Univ., 447 F.3d 292, 316 (4th Cir.2006); McVey v. Stacy, 157 F.3d 271, 277-78 (4th Cir.1998).

In his Complaint, under the § 1983 cause of action, Plaintiff alleges that Defendants Bailey, Smithson and Thomas "acted instituted and pursued false charges against the Plaintiff," Complaint ¶ 93, "falsely accused the Plaintiff of providing confidential information to the citizens of the City of North Myrtle Beach," Id. at ¶ 94, "pursued the actions against the Plaintiff even though they had knowledge that the allegations contained in the reports were false," Id. at ¶ 96, and "maliciously pursued the termination of the Plaintiff in violation United States Code section 1983 when . . . [they] falsely accused the Plaintiff of actions he did not commit." Id. at ¶ 97. Elsewhere in the Complaint, Plaintiff alleges that he "was informed that he was being forced to resign for providing confidential information in violation of policy to a resident of Barefoot Landing regarding the wildfires," Id. at ¶ 63, but that he "did not provide the information but if [he] did the communication would have been protected by the First Amendment." Id. at ¶ 66.

Defendant Bailey argues that, because Plaintiff denies divulging the information he was accused of divulging, Plaintiff did not engage in conduct protected by the First Amendment and, thus, his claim fails as a matter of law. In Wasson v. Sonoma County Junior College, 203 F.3d 659 (9th Cir. 2000), the Ninth Circuit addressed factual allegations analogous to those here:

> This First Amendment case is unusual because Wasson asserts that the defendants retaliated against her for speech that she insists she did not make. Accepting Wasson's allegations as true, she thus has not engaged in any relevant constitutionally protected speech. Yet, she claims that her free speech rights under the First Amendment were violated because the defendants falsely imputed to her the letters critical of Agrella.
>
> Several of our sister circuits have rejected claims identical to Wasson's, holding that there can be no First Amendment cause of action where there was no speech by the plaintiff. See Jones v. Collins, 132 F.3d 1048, 1054 (5th Cir.1998); Fogarty v. Boles, 121 F.3d 886, 890-91 (3d Cir.1997); Barkoo v. Melby, 901 F.2d 613, 619 (7th Cir.1990). This circuit, although never squarely addressing the issue in question, has recognized that a plaintiff must demonstrate that she has engaged in constitutionally protected expression to establish a First Amendment retaliation claim. See Moran v. Washington, 147 F.3d 839, 846 (9th Cir.1998) (citing Board of County Comm'rs v.

> Umbehr, 518 U.S. 668, 675, 116 S.Ct. 2342, 135 L.Ed.2d 843 (1996)). Having denied that she wrote the letters, Wasson undermines her claim that the defendants' conduct impermissibly chilled her speech. "[A] free speech claim depends on speech, and there was none in this case." Fogarty, 121 F.3d at 890.
>
> A First Amendment retaliation claim is not a wrongful termination claim. Rather, a First Amendment retaliation claim seeks to vindicate a public employee's exercise of free speech rights when she has suffered an adverse employment action in response to having spoken out publicly. It cannot be used to remedy a case of mistaken identity. In fact, the Supreme Court has "never held that it is a violation of the Constitution for a government employer to discharge an employee based on substantively incorrect information." Waters v. Churchill, 511 U.S. 661, 679, 114 S.Ct. 1878, 128 L.Ed.2d 686 (1994). Accordingly, there can be no First Amendment claim when an employee is falsely accused of making statements uttered by someone else.

Wasson, 203 F.3d at 662-63.

Plaintiff argues that he did not deny supplying information regarding the wildfires, but only denied supplying confidential information. Response (Document # 32) p. 11. He asserts that he engaged in free speech because he regularly stated throughout the department that he did not agree with how the wildfires were handled. Response p. 11. However, even if this statement was supported by the allegations in his Complaint, it is insufficient to support his § 1983 claim. The Complaint is void of any allegations that Plaintiff spoke as a private citizen on a matter of public concern, an essential element in a First Amendment retaliation claim. See Ridpath, 447 F.3d at 316. Plaintiff specifically alleges that, regarding his complaints to the managers within the Department of Safety, he "considered it an obligation <u>as an employee</u> to address several issues with the Department." Complaint ¶ 43 (emphasis added). Plaintiff's factual allegations regarding any speech in which he engaged allege only that, as an employee, he addressed several issues of concern within the Department of Public Safety and any accusations that he revealed information about the wildfires is false. These allegations are insufficient to support a First Amendment retaliation claim that is "plausible on its face." Accordingly, dismissal is appropriate on Plaintiff's First Amendment

retaliation claim under § 1983. Although Defendant Bailey is the only Defendant that moves to dismiss Plaintiff's § 1983 claim, it is recommended that the claim be dismissed as to all Defendants since the analysis is the same as to all Defendants.

## VI. CONCLUSION

For the reasons discussed above, it is recommended that Defendants City of North Myrtle Beach, John Smithson and Steve Thomas's Motion for Judgment on the Pleadings (Document # 22) be granted and that Plaintiff's cause of action for wrongful termination in violation of public policy be dismissed. It is further recommended that Defendant William Bailey's Motion to Dismiss (Document # 23) be granted and that Plaintiff's § 1983 cause of action be dismissed as to all Defendants.

s/Thomas E. Rogers, III
Thomas E. Rogers, III
United States Magistrate Judge

July 26, 2012
Florence, South Carolina

**The parties are directed to the important information on the following page.**