IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Randy Fisher, | ) | Civil Action No.: 4:11-cv-01726-RBH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | **ORDER** |
| City of North Myrtle Beach, | ) | |
| William Bailey, John Smithson, and | ) | |
| Steve Thomas, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Plaintiff Randy Fisher ("Plaintiff") filed the above action against Defendants after the termination of Plaintiff's employment with Defendant City of North Myrtle Beach. Plaintiff alleges causes of action for retaliation in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C §§ 2000e–2000e-17 (West 2012), First Amendment retaliation under 42 U.S.C. § 1983, and a state law claim for wrongful termination in violation of public policy.

This matter is before the Court after the issuance of the Report and Recommendation ("R&R") of United States Magistrate Judge Thomas E. Rogers, III.[1] [R&R, Doc. # 43.] In the R&R, the magistrate recommends that the Court grant the Motion for Judgment on the Pleadings [Doc. # 22] filed by Defendants City of North Myrtle Beach, John Smithson, and Steve Thomas, and therefore dismiss Plaintiff's cause of action for wrongful termination in violation of public policy. The magistrate further recommends that this Court grant Defendant William Bailey's Motion to Dismiss [Doc. # 23], and dismiss Plaintiff's First Amendment cause of action as to all Defendants. Plaintiff timely filed Objections to the R&R on August 13, 2012. [Obj., Doc. # 45.]

---

[1]  In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02, D.S.C., this matter was referred to United States Magistrate Judge Rogers for pretrial handling.

For the following reasons, this Court adopts the magistrate's recommendations.

## Background

Plaintiff is a former police officer with the City of North Myrtle Beach's Public Safety Department. [*See* Compl. Doc. # 1-1, at ¶¶ 4, 24.] At all times relevant to this action, Defendant Bailey was the Director of Public Safety for the City, Defendant Thomas was the Assistant City manager for the City, and Defendant Smithson was also an employee of the City. [*Id.* at ¶¶ 8, 41, 44.]    Plaintiff alleges that he was forced to resign because he complained of disparate treatment of male and female employees, reported perceived favoritism, raised issues regarding illegal handling of funds, and was believed to have provided confidential information to a private citizen regarding wildfires.[*Id.* at ¶¶ 46–48. 55–56. 65–66.]

## Standard of Review

The magistrate judge makes only a recommendation to the district court.   The recommendation has no presumptive weight.  The responsibility to make a final determination remains with the district court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976).  The Court is charged with making a *de novo* determination of those portions of the R&R to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The court is obligated to conduct a *de novo* review of every portion of the Magistrate Judge's report to which objections have been filed. *Id.*  However, the court need not conduct a *de novo* review when a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*,

2

687 F.2d 44, 47 (4th Cir. 1982) ("*[D]e novo* review [is] unnecessary in . . . situations when a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendation."). The Court reviews only for clear error in the absence of a specific objection. *See Diamond v. Colonial Life & Accident Ins*. Co., 416 F.3d 310 (4th Cir.2005). Furthermore, in the absence of specific objections to the R&R, this Court is not required to give any explanation for adopting the recommendation. *See Diamond*, 416 F.3d at 315; *Camby v. Davis*, 718 F.2d 198 (4th Cir. 1983).

### Discussion

Plaintiff objects to the magistrate's findings relating to both his state law wrongful termination and First Amendment claims.[2] The Court will address the objections as they relate to each claim.[3]

---

[2]  Plaintiff appears to argue that the magistrate "misstate[d]" the causes of action at issue in this order because Plaintiff was proceeding against only Defendant City of North Myrtle Beach, and not the individual Defendants. [Obj. Doc. # 45, at 2.] To the extent Plaintiff intends this to be an objection, it is without merit. The magistrate noted that Plaintiff, in a filing related to the Motions at issue, admitted he was proceeding only against Defendant City of North Myrtle Beach. [R&R, Doc. # 43, at 4 n.3.] Further, if Plaintiff never intended to proceed against the individual Defendants in the causes of action at issue, such a position merely bolsters the magistrate's finding that, at least as to the individual Defendants, Plaintiff's state law wrongful termination and First Amendment claims should be dismissed.

[3]  Throughout his objections, Plaintiff argues that the magistrate failed to consider evidence submitted to the court. [*See, e.g.*, Obj. Doc. # 45, at 3, 9 ("[The court] fail[ed] to address the blatant evidence that has been submitted. . . ." ] However, Plaintiff does not articulate to what evidence, blatant or otherwise, he is referring. To the extent this objection is specific enough to warrant *de novo* review, the Court notes that Plaintiff's argument that the magistrate failed to view or examine certain evidence indicates a misunderstanding or misstatement of the procedural posture of the case. The Motions at issue were made under Federal Rules of Civil Procedure 12(b)(6) and (c). Under either Rule, a court may only consider the relevant *pleadings* at issue, and those documents specifically incorporated by reference into those pleadings. *See, e.g.*, Fed. R. Civ. P. 12(b)(6), (c); *Brooks v. City of Winston-Salem*, 85 F.3d 178, 181 (4th Cir.1996). Thus, having conducted such an examination, the magistrate properly analyzed the Motions as issue in light of the applicable

I.      **Wrongful termination in violation of public policy**

Plaintiff objects to the magistrate's holding that, because Plaintiff does not set forth in his Complaint the factual allegations that give rise to a cause of action for wrongful termination in violation of public policy, the Motion for Judgment on the Pleadings should be granted. [Obj., Doc. # 45, at 4–7.]

As explained by the magistrate, an at-will employee in South Carolina has a tort cause of action for wrongful discharge where there is a retaliatory discharge of the employee in violation of a clear mandate of public policy. *Ludwick v. This Minute of Carolina, Inc*., 287 S.C. 219, 225, 337 S.E.2d 213, 216 (1985). The public policy exception applies in cases where the employer either (1) requires the employee to violate the law, or (2) the reason for the employee's termination is itself a violation of criminal law. *Lawson v. S.C. Dep't of Corrections*, 340 S.C. 346, 350, 532 S.E.2d 259, 260 (2000). However, the public policy exception does not extend to situations where the employee has an existing statutory remedy for wrongful termination. *Id.*

Plaintiff alleges that he reported violations of specific laws, which is the "precursor and basis of any wrongful termination in violation of public policy claim.". [Obj., Doc. # 45, at 4.] To the extent this statement is an objection, it is without merit as the magistrate himself noted that Plaintiff's claim was based upon his alleged reports of illegal actions. [R&R, Doc. # 43, at 5.] The magistrate's holding turned on the fact that Plaintiff had an existing statutory remedy, which is the subject of Plaintiff's second objection. [*Id.* at 6.]

Plaintiff argues that he "does not fall under the laws as sited . . . by the [c]ourt." [Obj., Doc.

_____

standard of review.

4

# 45, at 5.][4] Although Plaintiff does not specify the "laws" to which he refers, it appears that Plaintiff is referencing the magistrate's finding that Plaintiff's state law wrongful termination claim failed because he had an existing statutory remedy under South Carolina's Whistleblower Act, S.C. Code Ann. §§ 8-27-10 to 8-27-50 (West 2012). However, as explained by both the magistrate and the Plaintiff, Plaintiff claims that he was terminated in violation of public policy for "report[ing] illegal actions on the part of individuals employed with the Defendant, City of North Myrtle Beach." [*See* Compl. Doc. # 1-1, at ¶ 103; RR, Doc. # 43, at 6–7.] Assuming the allegations of Plaintiff's Complaint are true, his claim that he was terminated for reporting illegal activity would fall under the Whistleblower Act. *See Gastineau v. Murphy*, 331 S.C. 565, 567, 503 S.E.2d 712, 713 (1998) (explaining that South Carolina's Whistleblower Act "protect[s] public employees from retaliation for reporting violations of law by public bodies or their officials"). This objection is overruled.

Plaintiff concludes his objections to the magistrate's wrongful discharge finding by stating that the magistrate erroneously stated that Plaintiff failed to address the South Carolina Supreme Court's holding in *Epps v. Clarendon County*, 304 S.C. 424, 405 S.E.2d 386 (1991). [Obj., Doc. # 45, at 5.] Plaintiff then pastes several pages from his Response in Opposition to the Motion for Judgment on the Pleadings, and baldy concludes that he has presented facts that he "may" have a cause of action for. [*See id.* at 5–7 (quoting Pl.'s Resp., Doc. # 33, at 12–14).] This objection is

---

[4]  Plaintiff argues that had he attempted to bring a cause of action under "those laws," the Court would have dismissed that cause of action. [Obj., Doc. # 45, at 5.] Plaintiff fails to identify the "laws" he references, and Plaintiff does not explain how or why the Court would dismiss a cause of action brought under these "laws." [*Id.*] Further, this contention is nothing more than an extension of Plaintiff's argument that he lacked an existing statutory remedy. Thus, for the reasons discussed herein, this argument is without merit.

without merit.[5] First, in spite of Plaintiff's assertion, the R&R makes only a single fleeting reference to *Epps* in string citation, and makes no reference to Plaintiff's reliance on the case. [R&R, Doc. # 43, at 5.] Second, Plaintiff fails to explain how this argument has any impact on whether the magistrate erred in recommending dismissal of Plaintiff's wrongful discharge claim. Third, to the extent this Court reviews the recitation from Plaintiff's previous filing, the filing merely reargues that Plaintiff's wrongful termination in violation of public policy claim should proceed because he lacked an existing statutory remedy.  [Obj., Doc. # 45, at 4–7.] As the Court has already explained, Plaintiff did have an existing statutory remedy, and thus Plaintiff's claim for wrongful discharge in violation of public policy fails on its face.[6]

---

[5]  The Court also notes that in the section of the previous filing pasted into the objections, and contrary to the allegations in his Complaint, Plaintiff appears to now argue that he, in fact, did not report illegal activity – he merely "addressed concerns regarding the . . . illegal handling of" funds. [Obj., Doc. # 45, at 7.] This precise issue was squarely addressed by the magistrate, who held that "[i]f Plaintiff did not report illegal actions regarding the . . . money, then he has failed to identify the public policy violated by the City when it terminated his employment. Either way, his claim fails." [R&R, Doc. # 43, at 7.] Plaintiff's only attempt to object to this finding is to simply paste the argument already considered by the magistrate. Assuming, *arguendo*, that this entitles Plaintiff to *de novo* review of this issue, this Court has reviewed the record and finds that this issue was properly addressed by the magistrate.

[6]  In his Complaint, Plaintiff does not set forth the supposed factual allegations that give rise to a cause of action for wrongful termination in violation of public policy. [*See* Compl., Doc. # 1-1, at ¶¶ 100–106.] Although not discussed by the magistrate, the Court points out that in addition to having an existing statutory remedy, Plaintiff's claim also fails as Plaintiff is alleging that he was terminated for reporting illegal activity, but, critically, does not allege that he was *asked to join the illegal activity*, or that the *termination itself violated criminal law*. [*Id.*] Under South Carolina law, the public policy exception applies in wrongful termination cases where the employer either (1) requires the employee to violate the law, or (2) the reason for the employee's termination is itself a violation of criminal law. *Lawson v. S.C. Dep't of Corrections*, 340 S.C. 346, 350, 532 S.E.2d 259, 260 (2000) (dismissing case because employee "was not asked to violate the law and his termination did not violate criminal law"); *see also Graham v. Sears, Roebuck and Co.*, No. 4:07-0632-RBH, 2008 WL 701392, at *4 (D.S.C. March 13, 2008) (finding that plaintiff stated a sufficient claim for wrongful discharge in violation of public policy *because* complaint claimed plaintiff was fired *after* he "refused to engage in theft").

## II.    Wrongful termination in violation of First Amendment

Plaintiff also filed both a substantive and procedural objection to the magistrate's finding that Plaintiff's cause of action for wrongful termination in violation of his First Amendment right to freedom of speech under § 1983 should be dismissed. Specifically, the magistrate held dismissal was appropriate as to all Defendants because "[t]he Complaint is void of any allegations that Plaintiff spoke as a private citizen on a matter of public concern, an essential element in a First Amendment retaliation claim." [R&R, Doc. # 43, at 9 (citing *Ridpath v. Bd. of Governors of Marshall Univ.*, 447 F.3d 292, 316

(4th Cir.2006)).]

In order to prove that a retaliatory employment action violated a public employee's free speech rights, an employee must prove the following: (1) the public employee spoke as a citizen, not as an employee, on a matter of public concern, (2) the employee's interest in the expression at issue outweighed the employer's interest in providing effective and efficient services to the public, and (3) a sufficient causal nexus between the protected speech and the retaliatory employment action. *Ridpath.*, 447 F.3d at 316 (4th Cir. 2006) (citing *McVey v. Stacy*, 157 F.3d 271, 277-78 (4th Cir.1998)).

Substantively, Plaintiff argues that Defendants viewed his actions in allegedly speaking out on the subject of wildfires "as a matter of public concern[, that Defendants] failed to provide effective and efficient services to the Public as pointed out by" Plaintiff, and that there was a "direct and causal relationship between the allegation and" Plaintiff's termination. [Obj. Doc. # 45, at 8–9.] In addition to being completely void of any specificity, factual basis, or legal argument, Plaintiff's objection only focuses on whether the matter at issue was a public concern, the alleged interests

7

involved, and the supposed nexus. Plaintiff does not challenge the magistrate's legal finding that a First Amendment retaliation claim will not lie unless a *private* citizen speaks upon a matter of public concern. [*Id*.] Further, and most critically, Plaintiff does not take issue with the magistrate's reasoning for finding dismissal of the First Amendment claim appropriate in this case: Plaintiff did not allege that he spoke as a private citizen because his factual allegations regarding any speech in which he engaged allege only that, as an *employee*, he addressed several issues of concern *within the Department of Public Safety* and that *he considered it his duty as an employee* to do so. [*See id*.; R&R, Doc. # 43, at 9.] Thus, this Court overrules Plaintiff's objection and agrees with the magistrate that Plaintiff's allegations are insufficient to support a First Amendment retaliation claim that is "plausible on its face." [*See* R&R, Doc. # 43, at 9–10.]

In his procedural objection, Plaintiff notes that the Motion to Dismiss the First Amendment claim was filed by individual Defendant Bailey. [Obj. Doc. # 45, at 8.] Plaintiff argues that it was "arbitrary" for the magistrate to find that, although only Defendant Bailey moved to dismiss, the First Amendment claim should be dismissed as to all Defendants. Plaintiff cites no authority for his proposition.

As discussed above, because Plaintiff specifically alleges that he spoke as an employee, and not a private citizen, his Complaint fails as a matter of law to state a claim for wrongful termination in violation of his First Amendment rights. Although it was Defendant Bailey who moved for dismissal on these grounds, the Court's rationale for dismissal means that the First Amendment claim is legally insufficient as to all Defendants. It would be an anathema to basic logic, reason, and judicial efficiency to allow a claim to move forward that, as alleged, is legally incognizable and thus unable on its face to afford Plaintiff any relief.

Further, although there appears to be little, if any, Fourth Circuit authority directly on point, several courts have reached a similar conclusion. *See e.g.*, *Cooper v.United States*, No. 01-21126, 2002 WL 1396975, at *1 (5th Cir. 2002) ("[I]f one party moves for dismissal under Fed. R. Civ. P. 12(b)(6), the district court is [not] precluded from dismissing . . . the remaining defendants . . . ."); *Silverton v. Dep't of Treasury Etc*., 644 F.2d 1341, 1345 (9th Cir. 1981 ), cert. denied, 454 U.S. 895 (1981) ("A [d]istrict [c]ourt may properly . . . dismiss an action as to defendants who have not moved to dismiss where such defendants are in a position similar to that of moving defendants or where the claims against such defendants are integrally related."); *Arnold's Hofbrau, Inc. v. George Hyman Const. Co., Inc*., 480 F.2d 1145, 1150 (D.C. Cir. 1973) (holding that although only one of three defendants took an appeal did not prevent the court from granting all defendants a new trial as it would be "unconscionable" for plaintiff to be entitled to claim a greater or lesser recovery for the same claim from the variant defendants).

### Conclusion

The Court has thoroughly analyzed the entire record, including the R&R, objections to the R&R, and the applicable law.  The Court has further conducted the required review of all of the objections and finds them without merit.  For the reasons stated above and by the magistrate, the Court hereby overrules all of Plaintiff's objections and adopts the magistrate's R&R.

**IT IS THEREFORE ORDERED** that, pursuant to Federal Rule of Civil Procedure 12(c), Defendants City of North Myrtle Beach, John Smithson and Steve Thomas's Motion for Judgment on the Pleadings [Doc. # 22] is **GRANTED** and Plaintiff's state law cause of action for wrongful termination in violation of public policy is **DISMISSED** *without prejudice*.

**IT IS FURTHER ORDERED** that, pursuant to Federal Rule of Civil Procedure 12(b)(6),

9

Defendant William Bailey's Motion to Dismiss [Doc. # 23] is **GRANTED** and Plaintiff's cause of action for wrongful termination in violation of his First Amendment right to freedom of speech under § 1983 is **DISMISSED**, *without prejudice*, as to all Defendants. The remaining Title VII claim shall  proceed.

      **IT IS SO ORDERED**.

                                          s/ R. Bryan Harwell
                                          R. Bryan Harwell
                                          United States District Judge

Florence, South Carolina
August 23, 2012