IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Randy Fisher, ) | Civil Action No.: 4:11-cv-01726-RBH |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | **ORDER** |
| City of North Myrtle Beach, ) | |
| William Bailey, John Smithson, and ) | |
| Steve Thomas, ) | |
| ) | |
| Defendants. ) | |
| _____) | |

Plaintiff Randy Fisher ("Plaintiff") filed the above action against Defendants after the termination of his employment with Defendant City of North Myrtle Beach ("Defendant City"). Plaintiff alleges causes of action for retaliation in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C §§ 2000e–2000e-17 (West 2003 & Supp. 2010).

This matter is before the Court after the issuance of the Report and Recommendation ("R&R") of United States Magistrate Judge Thomas E. Rogers, III.[1] [R&R, Doc. # 83.] In the R&R, the magistrate recommends that the Court grant Defendant City's Motion for Summary Judgment [Doc. # 67][2] and dismiss Plaintiff's Title VII cause of action, and that the Court grant Defendant William Bailey's ("Defendant Bailey's") Motion to Remand [Doc. # 51] and remand the remaining counterclaims in this case to the Court of Common Pleas for Horry County, South Carolina. Plaintiff

---

[1] In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02, D.S.C., this matter was referred to United States Magistrate Judge Rogers for pretrial handling.

[2] The only remaining cause of action alleged by Plaintiff in this case is his Title VII claim. The magistrate explained that Plaintiff was not attempting to allege a Title VII claim against the individual Defendants and any such claim should be dismissed, and no party objected to this holding. The Court agrees and therefore dismisses any Title VII claim alleged against the individual Defendants.

timely filed objections to the R&R on June 2, 2013. [Obj., Doc. # 84.] Defendant City replied to those objections on June 14, 2013. [Reply, Doc. # 86.]

For the following reasons, this Court adopts the magistrate's recommendations.

## **Background**[3]

Plaintiff is a former police officer with Defendant City's Public Safety Department. At all times relevant to this action, Defendant Bailey was the Director of Public Safety for the City, Defendant Thomas was the Assistant City manager for the City, and Defendant Smithson was also an employee of the City. Plaintiff alleges that he was forced to resign in November 2009 because he complained of disparate treatment of male and female employees, reported perceived favoritism, raised issues regarding illegal handling of funds, and was believed to have provided confidential information to a private citizen regarding wildfires.

## **Standard of Review**

The magistrate judge makes only a recommendation to the district court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the district court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court is charged with making a *de novo* determination of those portions of the R&R to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The court is obligated to conduct a *de novo* review of every portion of the Magistrate Judge's

---

[3] The facts of this case, including citations to the record, are discussed more thoroughly in the magistrate's R&R. [*See* R&R, Doc. # 83, at 2–7.]

2

report to which objections have been filed. *Id.* However, the court need not conduct a *de novo* review when a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982) ("*[D]e novo* review [is] unnecessary in . . . situations when a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendation."). The Court reviews only for clear error in the absence of a specific objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310 (4th Cir. 2005). Furthermore, in the absence of specific objections to the R&R, this Court is not required to give any explanation for adopting the recommendation. *See Diamond*, 416 F.3d at 315; *Camby v. Davis*, 718 F.2d 198 (4th Cir. 1983).

## Discussion

The Court reiterates that it may only consider objections to the R&R that direct this Court to a specific error. The bulk of Plaintiff's objections appear to rehash his initial arguments before the magistrate. *See* Fed. R. Civ. P. 72(b); *Wright v. Collins*, 766 F.2d 841, 845-47 nn.1-3 (4th Cir. 1985)*; United States v. Schronce*, 727 F.2d 91, 94 n.4 (4th Cir. 1984); *see also Weber v. Aiken-Partain*, No. 8:11–cv–02423, 2012 WL 489148, at *2 (D.S.C. Feb. 15, 2012) (noting that objections that merely rehash arguments raised before, and addressed by, the magistrate are insufficient to direct the court to a specific error in the magistrate's proposed findings and recommendations); *Harrison v. Brown*, No. 3:10–cv–2642, 2012 WL 243212, at *1 (D.S.C. Jan. 24, 2012) (same); *Malik v. Sligh*, No. 2:11–cv–01064–RBH, 2011 WL 6817750, at *2 (D.S.C. Dec. 28, 2011) (same). To the extent Plaintiff's arguments constitute specific objections the Court has reviewed the R&R *de novo* and agrees with the magistrate's findings. Nonetheless, out of an

abundance of caution the Court will briefly address the objections lodged by Plaintiff.

## I.      **Factual Objections**

Plaintiff initially files a number of what he refers to as "factual objections." [Obj., Doc. # 84, at 5–11.] However, these objections merely take issue with the information included in the "Facts" section of the R&R and fail to highlight an error in the magistrate's ultimate analysis of the issues in the case. Furthermore, the objections are without substantive merit.

Plaintiff accuses the magistrate of merely quoting the facts as stated by Defendant City. It is true that the magistrate, for simplicity's sake, appears to have utilized certain portions of the factual background as argued by Defendant City in its Motion for Summary Judgment. However, for each fact the magistrate cited to Plaintiff's deposition[4] or to documents attached by Plaintiff to his own Response in Opposition to Defendant City's Motion. [R&R, Doc. # 83, at 2–7.]

Plaintiff also spends a great deal of time taking issue with the magistrate's "failure" to address a University of South Carolina Study ("USC Report") that allegedly discussed discrimination within Defendant City's Department of Public Safety. [Obj., Doc. # 84, at 6–8.] Plaintiff is simply incorrect as the magistrate specifically discussed the USC Report. [*See* R&R, Doc. # 83, at 17 n.11; *see also* USC Report, Doc. # 72-8, at 2–25.] In that discussion, the magistrate properly pointed out that the USC Report "fails to show a causal connection between any protected activity by Plaintiff and his resignation nor is it probative of his pretext argument because it fails to show that [Defendant] Thomas truly believed Plaintiff had provided information . . . regarding the wildfires." [*Id.*] Plaintiff has offered nothing in his objections to counter the magistrate's discussion

---

[4]   To the extent Plaintiff argues that the magistrate considered only "Defendant's [deposition] questions" when articulating the facts, the Court notes that the questions at issue received affirmative responses from Plaintiff. [*See* Pl.'s Dep., Doc. # 67-3, at 60.]

4

on this point. Additionally, as argued by Defendant City, the USC Report also suffers from a number of hearsay problems as it was prepared by unnamed individuals based on statements and surveys from unidentified third parties. [*See* USC Report, Doc. # 72-8, at 2–25.]

Plaintiff's remaining "factual" objections merely argue that certain information should have been included in the "Facts" section. Certainly, for reasons of both common sense and judicial economy, a court need not recite every fact applicable to a particular dispute. The Court has nonetheless considered the facts set forth in Plaintiff's objections in reaching its decision herein.

## II.     Legal Objections

Plaintiff's remaining objections focus on the magistrate's conclusion that Plaintiff fails to state a retaliation claim under Title VII.

Because Plaintiff has not offered, or attempted to use, direct evidence of retaliation, his Title VII retaliation claim proceeds under the burden-shifting method of proof established by the Supreme Court in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). Under that burden-shifting scheme, the plaintiff has the initial burden to establish a *prima facie* case of retaliation by showing (1) he engaged in a protected activity; (2) the employer took adverse employment action against him; and (3) a causal connection existed between to protected activity and the adverse action. *Laughlin v. Metro. Washington Airports Auth.*, 149 F.3d 253, 258 (4th Cir. 1998); *Ross v. Commc'n Satellite Corp.*, 759 F.2d 355, 365 (4th Cir. 1985).

If a plaintiff establishes a *prima facie* case, the defendant can rebut the presumption of retaliation by articulating a non-retaliatory reason for its actions. If the defendant meets the burden to demonstrate a legitimate, nondiscriminatory reason for its employment action, the burden shifts back to the plaintiff to demonstrate by a preponderance of the evidence that the proffered reason was

"not its true reason[ ], but [was] a pretext." *Texas Dep't of Cmty. Affairs v. Burdine*, 450 U.S. 248, 253 (1981); *see also Matvia v. Bald Head Island Mgmt*., 259 F.3d 261, 271 (4th Cir. 2001). It is not necessary for a court to "decide whether the reason was wise, fair, or even correct, ultimately, so long as it truly was the reason for [the defendant's decision]." *Hawkins v. Pepsico*, 203 F.3d 274, 279 (4th Cir. 2000) (citing *DeJarnette v. Corning Inc*., 133 F.3d 293, 299 (4th Cir. 1998)) (internal quotation marks omitted).

The magistrate held that Plaintiff could not establish a *prima facie* case because he failed to show a causal connection between any protected activity and his adverse employment action. The magistrate also held that Defendant City had a legitimate reason for Plaintiff's termination and that Plaintiff failed to show pretext. Plaintiff objects to each of these holdings, and the Court will address each in turn.[5]

As to Plaintiff's *prima facie* case, the magistrate held that assuming Plaintiff's participation in a female co-worker's civil lawsuit amounted to a protected activity, Plaintiff could not show a

---

[5] Plaintiff appears to object to the magistrate's finding regarding his engagement in a protected activity. The magistrate held that Plaintiff engaged in a protected activity by way of participating in a co-worker's civil lawsuit. [*See* R&R, Doc. # 83, at 13–14.] However, the magistrate also held that Plaintiff's two meetings with his supervisors prior to his "forced resignation" were not protected activity. [*See id.* at 11–14.] As to the meetings, Plaintiff argues that he complained to management several times before being asked to resign. However, as the magistrate discussed, the transcript of the June 2009 meeting, as well as Plaintiff's own deposition, show no concern by Plaintiff that Defendant City was engaged in unlawful employment practices. In addition, when Plaintiff raised issues regarding a co-worker, he did not make any indication that he felt the disparity in treatment was gender related. [*See* R&R, Doc. # 83, at 11–13.] Similarly, by Plaintiff's own deposition testimony, nothing addressed by Plaintiff in the August 2009 meeting amounted to opposition of unlawful employment conduct. [*Id*.] In his objections, Plaintiff references a "hereby attached" Exhibit 10. This exhibit was not attached to the objections. Instead, it was attached to Plaintiff's Response in Opposition and was thoroughly examined by the magistrate. Plaintiff also appears to argue that he was the victim of an adverse employment action. [*See O*bj., Doc. # 84, at 13.] It is unclear why Plaintiff discusses this issue as the magistrate never held otherwise.

6

causal connection between that activity and his adverse employment action. Specifically, the magistrate held that Plaintiff failed to present evidence that Defendant City knew of his participation in the civil action prior to his forced resignation in November 2009.

In his objections, Plaintiff argues that he had previously had a meeting discussing the co-worker's termination, that he held an interview with a news station, and that the co-worker's complaint was removed to federal court and answered in September 2009. [*See* Obj., Doc. # 84, at 12–14.] These arguments are without merit for several reasons.

One, as explained in greater detail by the magistrate, Plaintiff's concerns regarding the co-worker's termination came amidst many other, non-gender related complaints raised by Plaintiff during a June 2009 meeting and without any emphasis placed on the gender of the co-worker or the other officer whom Plaintiff felt was treated more favorably. [*See* R&R, Doc. # 83, at 15.] Two, the magistrate accurately held there was nothing in the record to support Plaintiff's claim he did a news interview for the co-worker, and Plaintiff has still provided no evidence of such an interview. [*See id.* at 13.] Three, while the co-worker's lawsuit was removed in September 2009, the record reveals that Plaintiff was not listed as a witness in the co-worker's case until January 2010 – two months after Plaintiff's resignation. [*See id.* at 13–14.] It was only then that Defendant City subpoenaed his records in relation to this case. Plaintiff's bare assertions are thus not evidence that Defendant City knew of his participation in the lawsuit, and Defendant City's knowledge that the employee engaged in protected activity is "absolutely necessary to establish the third element of a *prima facie* case." *Dowe v. Total Action Against Poverty*, 145 F.3d 653, 657 (4th Cir. 1998).

Plaintiff further objects to the magistrate's finding that, even assuming Plaintiff set forth a *prima facie* case, Plaintiff failed to raise an issue of material fact that the legitimate reason offered

7

by Defendant was a pretext. As the magistrate explained, Defendant City's proffered reason for requiring Plaintiff to resign is because it believed he was providing internal information to a private citizen regarding Defendant City's response to wildfires in the area. While Plaintiff denies giving this information to the third-party, the magistrate held that Plaintiff did not dispute that his supervisor genuinely believed Plaintiff was engaged in that misconduct, and Plaintiff even acknowledged how his frequent communications with the third-party could give supervisors the impression of misconduct. [*See* R&R, Doc. # 83, at 16.]

In his objections, Defendant does nothing to counter the magistrate's finding on this point. Instead, he again argues that he was a good employee and that he did not provide the information to the third-party. However, this does nothing to refute the magistrate's holding, supported by the record and Plaintiff's own deposition, that Plaintiff's supervisors held an honest belief that he had disclosed the information. As the magistrate correctly explained, "[a] factual dispute as to whether [misconduct] actually occurred does not amount to a factual dispute as to whether City officials based their disciplinary decision . . . upon the belief that [it had]." *Croft v. City of Roanoke*, 862 F. Supp. 2d 487, 497 (W.D. Va. 2012); *see also Holland v. Washington Homes, Inc.*, 487 F.3d 208, 217–18 (4th Cir. 2007) (concluding that no reasonable juror could conclude that the decision maker's reason was pretextual where the plaintiff's evidence "failed to address whether [the decision maker] did not honestly believe that" plaintiff had engaged in the alleged misconduct). Plaintiff's objection is overruled.

### III.     Remand

In his last objection,[6] Plaintiff objects to the remand of Defendant Bailey's state law

---

[6] Plaintiff appears to argue that the magistrate failed to address his Motion for Judgment on the Pleadings. However, the Motion for Judgment on the Pleadings dealt with Defendant Bailey's

8

counterclaims, the remaining issues in the case. Plaintiff does not challenge the fact that the Title VII claim was the only basis for asserting federal jurisdiction in this case. Title 28 U.S.C. § 1367(c)(3) provides, in pertinent part, "[t]he district courts may decline to exercise supplemental jurisdiction over a claim . . . if . . . the district court has dismissed all claims over which it has original jurisdiction . . . ." The Court rejects Plaintiff's objection and accepts the magistrate's recommendation to remand the remaining state law counterclaims to the South Carolina Court of Common Pleas for Horry County, South Carolina.

## **Conclusion**

The Court has thoroughly analyzed the entire record, including the R&R, objections to the R&R, Defendant City's Reply, and the applicable law. The Court has further conducted the required review of all of the objections and finds them without merit. For the reasons stated above and by the magistrate, the Court hereby overrules all of Plaintiff's objections and adopts the R&R.

**IT IS THEREFORE ORDERED** that Defendant City of North Myrtle Beach's Motion for Summary Judgment [Doc. # 67] is **GRANTED** and Plaintiff's Title VII cause of action is **DISMISSED** as to all remaining Defendants.

**IT IS FURTHER ORDERED** that Defendant William Bailey's Motion to Remand [Doc. #51] is **GRANTED** and this case is hereby **REMANDED** to the South Carolina Court of Common Pleas for Horry County, South Carolina. A certified copy of this Order of Remand shall be mailed by the Clerk of this Court to the Clerk of the Court of Common Pleas, Horry County, South Carolina.

---

state law counterclaims, and the magistrate specifically recommended that the state law issues, including issues raised in Plaintiff's Motion for Judgment on the Pleadings, be remanded to state court. [*See* R&R, Doc. # 83, at 18 n.12.]

**IT IS ALSO ORDERED** that all other pending motions are **DENIED** as moot.

**IT IS SO ORDERED**.

s/ R. Bryan Harwell
R. Bryan Harwell
United States District Judge

Florence, South Carolina
August 6, 2013